THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* CHARLES P. BRAGLE APPELLANT.

*Proper mode of reviewing a conviction at the General Sessions — when a conviction
will not be set aside because of the temporary voluntary absence of the prisoner —
Attempting to defraud a county by presenting an apparently verified bill — the
authority of the officer to administer oaths need not be shown*

APPEAL from a judgment of the Court of Sessions of the county of Albany, convicting the defendant of attempting wrongfully to obtain money from the county of Albany, and adjudging that he be imprisoned in the Albany County Penitentiary for the term of eighteen months at hard labor.

The attempt to defraud the county was made by presenting to the board of supervisors of Albany county a bill purporting to be for the burial and taking charge of the bodies of dead persons, the bill being apparently sworn to in due form. The bill was disallowed.

The court at General Term said: "We pass over the question whether this case should have been brought here by writ of error or by appeal, inasmuch as the parties have argued it upon the merits.

"As to the alleged error in respect to the absence of the defendant during a few minutes of the trial, we are of the opinion that there was not such absence as would vitiate the trial. The defendant being present in the court room was informed that there was some occasion for his going into an ante-room to communicate by telephone with a witness. He went into this ante-room, and against the suggestion of the district attorney the defendant's counsel proceeded with the cross-examination of a witness then on the stand. In a minute or two the defendant returned. The ante-room into which he went was separated from the court room only by swinging doors. Thus the defendant cannot really be said to have been absent from the court room. Nothing could be done of which he could not have instant notice. His going into the ante-room was voluntary. The testimony given while he was there was given by his counsel's cross-examination of a witness who had been on the stand when the defendant went out. It would be a straining of the rule to hold that this act of the defendant invalidates the trial.

" The questions asked by the district attorney as to certain items in the defendant's account not set forth in the indictment were properly allowed. No attempt was made to prove the falsity of these items, and that object was disavowed by the district attorney. The questions were intended only to give meaning to those items which were the basis of the indictment.

" There was no error in admitting the defendant's bill without proof that the person before whom it purported to have been verified was an officer authorized to administer oaths. The indictment was not for perjury but for an attempt to obtain money, etc., by fraud or falsity. The attempt was shown as much by the presentation of a false bill purporting to be verified as by a false bill actually verified."

## 380 GROAT v. MOAK.

*Galen R. Hitt*, for the appellant.

*D. C. Herrick*, district-attorney, for the respondent.

Opinion *Per Curiam*.

Present — LEARNED, P. J., BOARDMAN and LANDON, JJ.

Judgment and conviction affirmed.